JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Transcontinental Realty, Inc., et al

## DEFENDANTS
City of Addison, Texas, Staubach Airport Management, Raytheon Infrastructure, Inc., et al

**(b)** County of Residence of First _____ Dallas _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____ Dallas _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

3-03CV-21321

SEP 19 '—

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Madden
Law Offices of Michael Madden
1800 Valley View Lane, Suite 150
Dallas, Texas 75234
972 484 7780

Attorneys (If Known)
Paul K Pearce, Jr          Town of Addison
Matthews, Carlton, Stein, Shiels, Pearce & Knott
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972 234 3400

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question (U S  Government Not a Party)
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med  Malpractice | ☐ 625 Drug Related Seizure | ☐423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R R  & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl  Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt Relations | ☐863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | | ☐864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | | ☐870 Taxes (U S  Plaintiff | Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl  Ret  Inc | ☐871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S  Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity )

The Plaintiffs seek recovery herein, in part, under 42 U S C §1983 and §1988 for a violation of their federally secured rights   Further, their right to relief herein necessarily depends upon the construction or application of federal law, rules or regulations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P  23

DEMAND $  not stated

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)·
JUDGE   N/A
DOCKET NUMBER _____

DATE  9-19-03

SIGNATURE OF ATTORNEY OF RECORD   Paul K Pearce  Attorney for Defendant Town of Addison

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) *County of Residence.* For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II.     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant   (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment   (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases**. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.





SEP 19

# United States District Court
## Northern District of Texas
### Dallas Division

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

3 03CV 2132L

1. **Style of the Case:** *Transcontinental Realty Investors, Inc., Hanging Out L.L.C., Johnson Chevrolet Company, M.L. Kuhn Enterprises, Inc., Jon-Mac Hanger Development, JMJ, Ltd., Sandra Clark, Best Parking at Love Field Partnership, Westerman, Ltd., Keith Craigo, Charles Culwell, Jerry A. McCutchin, Sr., Scott Twichell, Donald Carter, Keith Thompson, 15800 Dooley, Ltd., and Gordon Stevenson v. The City of Addison, Texas, Staubach Airport Management, Raytheon Infrastructure, Inc., both d/b/a Washington Staubach Addison Airport Venture*

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Transcontinental Realty Investors, Inc., Hanging Out L.L.C., Johnson Chevrolet Company, M.L. Kuhn Enterprises, Inc., Jon-Mac Hanger Development, JMJ, Ltd., Sandra Clark, Best Parking at Love Field Partnership, Westerman, Ltd., Keith Craigo, Charles Culwell, Jerry A. McCutchin, Sr., Scott Twichell, Donald Carter, Keith Thompson, 15800 Dooley, Ltd., and Gordon Stevenson<br>Plaintiffs | Michael Madden<br>State Bar No. 12789350<br>LAW OFFICES OF MICHAEL MADDEN<br>1800 Valley View Lane, Suite 150<br>Dallas, Texas 75234<br>972.484.7780<br>972.484.7743 (fax)<br><br>Eddie Vassallo<br>State Bar No. 20503000<br>Attorney at Law<br>Regency Plaza<br>3710 Rawlins, Suite 1200<br>Dallas, Texas 75219<br>214.559.7200<br>214.559.7240 (fax) |

Town of Addison
Defendant

Paul K. Pearce, Jr.
State Bar No. 15683600
MATTHEWS, CARLTON, STEIN,
SHIELS, PEARCE, & KNOTT, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972.234.3400
972.234.750 (fax)

Staubach Airport Management,
Raytheon Infrastructure, Inc.,
both d/b/a Washington Staubach
Addison Airport Venture
Defendants

Sim Israeloff
State Bar No. 10435380
COWLES & THOMPSON
901 Main Street, Suite 4000
Dallas, Texas 75202-3793
214.672.2000
214.672.2358 (fax)

2.    **Jury Demand:**

Was a Jury Demand made in State Court?          ☐ Yes          ☒ No

If "*Yes*," by which party and on what date?

Party                                                                          Date
N/A

3.    **Answer:**

Was an Answer made in State Court?          ☒ Yes          ☐ No

If "*Yes*," by which party and on what date?

Party                                                                          Date
Defendant Town of Addison                                  September 18, 2003

Defendants Staubach Airport Management,
Raytheon Infrastructure, Inc., both
d/b/a Washington Staubach Addison
Airport Venture                                                       September 18, 2003

4.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                                    **Reason(s) for No Service**
Upon information and belief, Defendant Staubach Airport Management, Raytheon Infrastructure,

Supplemental Civil Cover Sheet - Page - 2

Inc., both d/b/a Washington Staubach Addison Airport Venture was not served prior to filing its Answer herein.

5.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                                      **Reason**

None

6.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
| --- | --- |
| Plaintiffs Transcontinental Realty Investors, Inc., Hanging Out L.L.C., Johnson Chevrolet Company, M.L. Kuhn Enterprises, Inc., Jon-Mac Hanger Development, JMJ, Ltd., Sandra Clark, Best Parking at Love Field Partnership, Westerman, Ltd., Keith Craigo, Charles Culwell, Jerry A. McCutchin, Sr., Scott Twichell, Donald Carter, Keith Thompson, 15800 Dooley, Ltd., and Gordon Stevenson | The Plaintiffs are owners of non-airport property located adjacent to the Addison Airport who have access to the Airport and its facilities including its runways and taxiways. Such persons or entities are generally referred to as "through the fence" users. In any event, on December 11, 2001, the Town of Addison enacted Ordinance No. 001-043 to address off-premise access to the Airport. In said Ordinance, it required "through the fence" users such as the Plaintiffs to enter into an Airport Access Agreement if they desired continued access to and use of the Airport and related facilities. Further, it imposed fees upon such users that are calculated by a formula contained in the Ordinance. The Plaintiffs contend that the unilateral imposition of fees and other use restrictions were not contemplated by them or the Town at the time they acquired their property. Further, they contend that said fees and requirements interfere with their use and enjoyment of same.<br><br>The Plaintiffs allege that immediately after the adoption of the Ordinance and the initial |

**Supplemental Civil Cover Sheet - Page - 3**

circulation of the proposed Airport Access Agreements, they approached the Town and the airport manager to express concerns they had relating to the Ordinance.  The Town subsequently indicated that the Plaintiffs' proposal to resolve said concerns was unacceptable. Further, it allegedly gave notice to the Plaintiffs of its intent to enforce the provisions of said Ordinance on or after April 4, 2003.

On April 3, 2003, the Plaintiffs submitted a FAR Part 13.1 Informal Compliance Report to the Texas Department of Transportation Federal Aviation Administration ("FAA"). The Plaintiffs contend that under applicable federal regulations an informal resolution through Part 13 is condition precedent to the institution of an informal investigation and enforcement procedures. Further, they allege that as a result of said procedure, the Town may be required to abandon or modify the Ordinance in question.

In any event, the Plaintiffs contend that said Ordinance does not comply with applicable federal rules, regulations or statutes. Specifically, it allegedly violates Grant Assurances the Town made in obtaining federal grants administered by the FAA. Further, they contend that the enactment of said Ordinance by the City has adversely impacted the value of their property.  They also contend that certain unspecified Plaintiffs are parties to ground leases with the Town "with respect to the apron, taxiways and/or ramps" and that unless said Plaintiffs comply with the Ordinance, the Town intends to deny them access to the Airport notwithstanding said ground lease thereby rendering it worthless.

As a result of the foregoing, the Plaintiffs seek declaratory relief herein.  Specifically, they ask the Court to determine whether the Ordinance in question can be enforced against

**Supplemental Civil Cover Sheet - Page - 4**

them; whether they are entitled to unrestricted free and clear use of the "common areas" by virtue of their property ownership; alternatively, that the appropriate fair market value of their land to be utilized in the formula to determine the access fee for the initial term in the Access Agreement should be $2.55 per square foot; and alternatively, a judgment by the Court declaring their rights, title and interests in and to the various agreements and property rights associated with their property impacted by the Ordinance. Further, the Plaintiffs allege that the Town, "by unilaterally imposing fees" for their use and access to the Airport and related facilities, has deprived them of their due process rights under the Texas Constitution. Additionally, they seek recovery under an inverse condemnation theory and to recover damages under Art. 1§17 of the Texas Constitution and 42 U.S.C.§1983 and 1988.

In conclusion, the Plaintiffs seek to recover their reasonable attorney's fees and obtain injunctive relief herein.

Defendant Town of Addison

Addison denies the allegations the Plaintiffs have made against it. Further, it will show that it has not deprived them of any of their rights under state or federal law. Additionally, it will show that it was engaged in the lawful exercise of its governmental functions in enacting the Ordinance in question. Further, said Ordinance is valid and does not conflict with the United States Constitution, the Constitution of the State of Texas or any federal or state rule, regulation or statute. Addison will further show that it did not intentionally damage, destroy or take the Plaintiffs' property for a public use. Additionally, it did not deny the Plaintiffs of all economically viable use of their property and did not unreasonably interfere with their right to use and enjoy their property. Further, their purported injuries and damages were not caused by the application of a constitutionally

deficient custom, policy or practice of the Town of Addison and it was not consciously indifferent to any purported deficiencies which led to an alleged deprivation of the Plaintiffs' rights under state or federal law. Additionally, while it denies any liability whatsoever herein, it will show that the Plaintiffs have an adequate remedy at law. Addison also asserts that the Plaintiffs' claims are barred, in whole or in part, by the finding and determination of the FAA dated June 4, 2003; that their claims are barred, in whole or in part, under the applicable statute of limitations; that their claims barred, in whole or in part, by waiver, estoppel, ratification or laches; and that their claims are barred, in whole or in part, by the statute of frauds. Further, Addison will show that it is entitled to recover its reasonable attorney's fees. Also, in light of the fact that it will not be in compliance with the federal grant assurances that it has made unless the Plaintiffs enter into access agreements and pay the fees owed under the terms of Ordinance No. 001-043 and, as a result, its ability to continue to receive federal funding will be adversely affected, Addison will show that it is entitled to injunctive relief herein. Further, it is entitled to injunctive relief to prevent the Plaintiffs from trespassing on its property. In conclusion, it contests the existence of, or, in the alternative, the extent of the Plaintiffs' purported damages.

**Supplemental Civil Cover Sheet - Page - 6**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



U.S. [DISTRICT COURT]
NORTHERN [DISTRICT] OF TEXAS

**FILED**

Sep 19 2003

CLERK, U.S. DISTRICT COURT

By _____
Deputy

| | |
|---|---|
| TRANSCONTINENTAL REALTY INVESTORS, INC., HANGING OUT L.L.C., JOHNSON CHEVROLET COMPANY, M.L. KUHN ENTERPRISES, INC., JON-MAC HANGER DEVELOPMENT, JMJ, LTD., SANDRA CLARK, BEST PARKING AT LOVE FIELD PARTNERSHIP, WESTERMAN, LTD., KEITH CRAIGO, CHARLES CULWELL, JERRY A. MCCUTCHIN, SR., SCOTT TWICHELL, DONALD CARTER KEITH THOMPSON, 15800 DOOLEY, LTD., AND GORDON STEVENSON | § § § § § § § § § § § § § § |
| | § § |
| V. | § § |
| | § § |
| THE CITY OF ADDISON, TEXAS STAUBACH AIRPORT MANAGEMENT, RAYTHEON INFRASTRUCTURE, INC., BOTH D/B/A WASHINGTON STAUBACH ADDISON AIRPORT VENTURE | § § § § § § |

CIVIL ACTION NO. _____

3 03CV 2152L

8:50 am.

**DEFENDANT TOWN OF ADDISON'S NOTICE**
**OF REMOVAL AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

The **TOWN OF ADDISON,** one of the Defendants herein, gives this its notice of the

removal of the case styled *Transcontinental Realty Investors, Inc., Hanging Out L.L.C., Johnson*

*Chevrolet Company, M.L. Kuhn Enterprises, Inc., Jon-Mac Hanger Development, JMJ, Ltd., Sandra*

*Clark, Best Parking at Love Field Partnership, Westerman, Ltd., Keith Craigo, Charles Culwell,*

*Jerry A. McCutchin, Sr., Scott Twichell, Donald Carter, Keith Thompson, 15800 Dooley, Ltd., and*

*Gordon Stevenson v. The City of Addison, Texas, Staubach Airport Management, Raytheon Infrastructure, Inc., both d/b/a Washington Staubach Addison Airport Venture,* which bears Cause No. 03-03457 and is pending in the 160th Judicial District Court of Dallas County, Texas ("the State Court Litigation"), from the State District Court in which it was originally filed to the United States District Court for the Northern District of Texas, Dallas Division.  In support thereof, the Town respectfully shows the Court the following:

## I.
## EXHIBITS

Exhibit 1       Plaintiffs' Original Petition, Application for Declaratory Relief and Request for Injunctive Relief, which was filed on April 17, 2003;

Exhibit 2       Defendant Town of Addison's Original Answer, Counterclaim and Application for Injunctive Relief which was filed on September 19, 2003;

Exhibit 3       Motion to Dismiss and Original Answer of Staubach Airport Management and Raytheon Infrastructure, Inc., d/b/a Washington Staubach Addison Airport Venture which was filed on September 18, 2003;

Exhibit 4       A copy of a summary of the information contained on the Docket Sheet of the underlying State Court Litigation; and

Exhibit 5       Consent to Removal.


The foregoing Exhibits comprise all of the pleadings, motions and papers on file in the underlying State Court Litigation.  Defendant Town of Addison was served with Citation on September 18, 2003.  However, said Citation had not been filed at the time of removal.

## II.
## PERTINENT FACTUAL BACKGROUND

1.      On April 17, 2003, the State Court Litigation was initially commenced by Plaintiffs Transcontinental Realty Investors, Inc., Hanging Out L.L.C., Johnson Chevrolet Company, M.L. Kuhn Enterprises, Inc., Jon-Mac Hanger Development, JMJ, Ltd., Sandra Clark, Best Parking at Love Field Partnership, Westerman, Ltd., Keith Craigo, Charles Culwell, Jerry A. McCutchin, Sr., Scott Twichell, Donald Carter, Keith Thompson, 15800 Dooley, Ltd., and Gordon Stevenson.  To date, only Defendant Town of Addison has been served.  Further, it filed its Original Answer, Counterclaim and Application for Injunctive Relief on September 18, 2003.

2.      Within the meaning of 28 U.S.C. § 1446(b), the Plaintiffs' Original Petition, Application for Declaratory Relief and Request for Injunctive Relief, which is attached hereto as Exhibit 1, raises claims from which the Town, was able to ascertain that this case is one which is removable or has become removable.  Specifically, in Paragraph IV(E)(4.16 through 4.23) of said Petition, the Plaintiffs allege that the Town receives federal assistance through programs administered by the United States Department of Transportation Federal Aviation Administration ("FAA") and, as a result, must make, and comply with, grant assurances made to the FAA and meet airport compliance requirements enunciated in, among other places, FAA Order 5190.6a; in Paragraph IV(F)(4.24 through 4.26), the Plaintiffs allege that they have commenced an FAA Administrative Proceeding the outcome of which may require the Town "to abandon or modify" the Ordinance the enforcement of which forms the basis of this suit; and in Paragraph V(5.12), the Plaintiffs seek recovery from the Town under 42 U.S.C. § 1983 and 1988 for a purported deprivation of their federally secured rights.

## III.
## ALL THE DEFENDANTS AGREE TO REMOVAL

All the Defendants agree to the removal of this action.  See the Consent to Removal executed by Co-Defendants Staubach Airport Management, Raytheon Infrastructure, Inc., both d/b/a Washington Staubach Addison Airport Venture which is attached hereto as Exhibit 5.


## IV.
## BRIEF, ARGUMENT AND AUTHORITIES

The Plaintiffs' action is one over which this Court has original jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1343, and may be removed to this Court by the Town pursuant to 28 U.S.C.A. § 1441(b).  Under federal law, federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States."  28 U.S.C.A. § 1331 and 28 U.S.C.A. §1441(b). Venue of the State Court Litigation lies in Dallas County, Texas.  Therefore, this action must be removed to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 42 U.S.C. § 1446(a).

Federal question removal is governed by the "well-pleaded complaint rule."  According to this judicially created rule, federal jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint, unaided by the answer or the petition for removal.  *Gully v. First National Bank in Meridian*, 229 U.S. 109, 113 (1936).  *See also, Franchise Tax Board v. Construction Laborer's Vacation Trust*, 463 U.S. 1, 9-11 (1983).  Further, even though state law may create a plaintiff's cause of action, a cause may still arise under the laws of the United States if a well-pleaded complaint establishes that a plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.  *Franchise Tax Board*, 463

U.S. at 13. Such a situation is presented by the case at bar. Additionally, when a plaintiff's right to relief depends upon the construction or application of the Constitution or the laws of the United States, jurisdiction lies in federal court. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), quoted in *Owens v. First City Nat'l Bank of Beaumont*, 714 F.Supp 227, 229, n. 9 (E.D. Tex. 1989).

The Plaintiffs herein have asserted claims against the Town in which their right to relief necessarily requires the resolution of a substantial question of federal law. Further, they seek recovery from it under 42 U.S.C.§1983 and 1988 for a purported violation of their federally secured rights.

> "In determining whether federal jurisdiction exists, the Court must apply the well-pleaded complaint rule. Whether a case is one arising under the Constitution or laws of the United States for jurisdictional purposes, must be determined from plaintiff's statement of his own claim, unaided by any defenses which the defendant may interpose. An independent and established corollary of the well-pleaded complaint doctrine provides that a plaintiff may not defeat removal by fraudulent means or by artfully failing to plead essential issues in the complaint . . . . Upon removal, a federal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if plaintiff has couched his pleading exclusively in terms of state law . . . . The court must look to the substance of the complaint and not to the labels used in it . . . . A plaintiff cannot rob a district court of jurisdiction by electing to amend away the grounds for federal jurisdiction." *Rose v. Intelogic Trace*, 652 F.Supp. 1328, 1329-1330 (W.D. Tex. - San Antonio Division 1987).

In their Original Petition, the Plaintiffs clearly allege claims in which their right to relief necessarily requires the resolution of a substantial question of federal law, including but not limited to, whether the Town, in enacting the Ordinance in question and attempting to assess fees against the Plaintiffs, violated any federal grant assurances it made and whether it complied with various federal requirements such as FAA Order 5190.6a, and whether the Plaintiff is entitled to recovery

herein from the Town under the provisions of 42 U.S.C. §1983 and 1988 for a purported deprivation of their federally secured rights. Therefore, the two well-settled concepts of federal removal procedure establish the propriety of this removal; namely, "the well-pleaded complaint rule" and the "artful pleading rule." *Rose, supra.* As a result, the Town is entitled to remove this case.

## V.
## CONCLUSION

The instant action is hereby removed to the United States District Court for the Northern District of Texas, Dallas Division, for the reason that the Plaintiffs have alleged a cause of action arising within the territorial jurisdiction of this District, the United States District Court has original jurisdiction over this matter and the Town has properly perfected its removal.

Respectfully submitted,

By: _____

**PAUL K. PEARCE, JR.**
State Bar No. 15683600
**MATTHEWS, CARLTON, STEIN,**
**SHIELS, PEARCE & KNOTT, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972.234.3400 (office)
972.234.1750 (fax)

**ATTORNEY FOR DEFENDANT**
**TOWN OF ADDISON**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to each attorney of record in accordance with the Federal Rules of Civil Procedure on this the 19th day of September 2003.

PAUL K. PEARCE, JR.